UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES HALPERN and ALLISON HALPERN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Case No. 09-2104 (RJL) |
| v. | ) ) | |
| AARP, AARP SERVICES, INC., and UNITED HEALTHCARE INSURANCE COMPANY, | ) ) ) ) ) | **FILED** SEP 29 2010 |
| Defendants. | ) ) | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

MEMORANDUM OPINION
(September 29, 2010) [#18, #19 and #44]

Plaintiffs James and Allison Halpern bring this action against AARP and AARP Services, Inc. ("AARP defendants") alleging violations of the District of Columbia Consumer Protection Procedures Act ("CPPA") and unjust enrichment. On June 7, 2010, this Court granted motions by United HealthCare Insurance Company ("United HealthCare") and AARP defendants to join United HealthCare as a defendant in this action. Currently before the Court are AARP defendants' Motions to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and United HealthCare's Motion to Dismiss also pursuant to Fed. R. Civ. P. 12(b)(6). Upon consideration of the parties' pleadings, relevant law, particularly this Court's related

1

decision in *Whiting v. AARP*, 701 F. Supp. 2d 21 (D.D.C. 2010), and the entire record herein, defendants' Motions to Dismiss are GRANTED.

## BACKGROUND

James Halpern is a member of AARP, a nonprofit membership organization established to promote the interests of Americans over the age of 50. Compl. ¶¶ 9, 20. In March 2008, after receiving marketing materials from AARP, Mr. Halpern and his wife Allison Halpern ("plaintiffs") subscribed to the AARP Medical Advantage Indemnity Insurance Plan ("MAP Policy"). Compl. ¶ 33. The MAP Policy is a fixed-benefit medical indemnity plan underwritten by United HealthCare. AARP's Mot. to Dismiss at 1; Edson Decl. Ex. 2. According to the marketing materials received from AARP, the MAP Policy "is not a major medical health plan, but is a good option if you need essential health benefits today at an affordable price." Edson Decl. Ex. 2. Around the same time – though in a separate mailing – plaintiffs received marketing material relating to a different health insurance plan, the AARP Personal Health Insurance Plan (PHIP Policy). *See* Pl. Opp'n to AARP defendants' Mot. To Dismiss ("Pl. AARP Opp'n") at 5; AARP Reply at 6. Unlike the MAP Policy, the PHIP Policy is a form of primary health coverage and promotes itself as such. Edson Decl. Ex. 3.

In May 2008, Mrs. Halpern tested positive for a genetic mutation associated with increased risk of developing breast and ovarian cancer. Compl. ¶ 35. While the possibility of undergoing a prophylactic procedure to reduce the risk of these cancers was available to her, the MAP Policy would only cover a fixed portion of the costs. *Id.* ¶ 36.

In April 2009, Mrs. Halpern was diagnosed with breast cancer. *Id.* ¶ 37. Accordingly, Mrs. Halpern underwent surgery and chemotherapy. *Id.* ¶ 37, 39. Because the MAP Policy only covered a fixed portion of these procedures, plaintiffs found themselves responsible for almost $75,000 in medical expenses. *See id.* ¶ 38.

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that a district court shall dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Although all factual allegations in a complaint are assumed to be true when deciding a Rule 12(b)(6) motion, and all reasonable inferences are drawn in a plaintiff's favor, the Court need not accept either inferences "unsupported by the facts set out in the complaint" or "legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citations and internal quotation marks omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct.

1937, 1949 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In addition, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. at 558 (quoting 5 WRIGHT & MILLER § 1216 at 233-234) (alteration in original).

Here, plaintiffs allege violations of the CPPA and unjust enrichment; however, after plaintiffs filed their Complaint, this Court decided *Whiting v. AARP*, 701 F. Supp. 2d 21 (D.D.C. 2010). *Whiting* is, in all relevant respects, identical to this case. *Whiting's* claims for violations of the CPPA and unjust enrichment are almost identical, and often verbatim, to plaintiffs' claims. *Compare* Compl. ¶¶ 91-102 *Whiting*, 701 F. Supp 2d at 21 (No. 09-455) *with* Compl. ¶¶ 52-63. The facts, moreover, are substantively similar. In both cases the plaintiffs subscribed to the MAP Policy based on the same marketing materials circulated by AARP. *See* Pl. AARP Opp'n at 12. In both cases, plaintiffs suffered illness and were saddled with very high medical expenses that were not covered by their policy. *See* AARP Mot. to Dismiss at 1-2. Finally, in both cases, plaintiffs claimed that the MAP Policy materials misrepresented the nature of the insurance and misled consumers by not disclosing the limited benefits available. *Compare* Compl. ¶¶ 96-97 *Whiting*, 701 F. Supp 2d at 21 (No. 09-455) *with* Compl. ¶¶ 56-57.

In *Whiting*, as in this case, the Court reviewed AARP and United HealthCare's motions to dismiss pursuant to Fed. R. Civ. P 12(b)(6). Based on its review of the

4

marketing materials, the same materials at issue in this case, this Court found that the language in question, "especially when viewed in context, would not have misled a reasonable consumer into thinking that the AARP Medical Advantage Plan constituted comprehensive, major medical health insurance." *Whiting*, 701 F. Supp 2d at 29. In fact, the Court determined that the very statements plaintiffs here challenge were, in fact, "accurate, not misleading to a reasonable consumer, or mere puffery. *Id.*

Notwithstanding this clear precedent, plaintiffs attempt to raise various issues to distinguish this case from *Whiting*. Unfortunately, plaintiffs' attempts are unavailing. Plaintiffs argue that the issues in their complaint relating to the phrase "primary health insurance" were not fully debated in *Whiting*. Pl. AARP Opp'n at 2, 12; Pl. Opp'n to United HealthCare's Mot. to Dismiss ("Pl. United Opp'n") at 12. However, it is unclear what more there is to say. The very language in question here was reviewed in *Whiting*, and the Court found that, in context, it did not support the plaintiff's claims. *Whiting*, 701 F. Supp 2d at 29. Plaintiffs here, nonetheless, attempt to support their assertion by claiming that expert testimony would show that a reasonable consumer would understand "primary health insurance" to mean insurance that covers "most of their health care costs." Pl. United Opp'n at 11. This claim, however, is irrelevant. In *Whiting* this Court determined that the MAP Policy does not claim to be primary health insurance, nor would a reasonable consumer be misled into thinking that the MAP Policy is primary health insurance. *See Whiting*, 701 F. Supp 2d at 29-30. It, thus, would not be relevant what a reasonable consumer would understand primary health insurance to mean.

Finally, plaintiffs claim that because AARP sent mailings relating to both the MAP Policy and the PHIP Policy and because these mailing both included the words, "primary health insurance," a reasonable consumer would assume that both policies are substantively similar. Pl. United Opp'n at 12; Pl. AARP Opp'n at12. Again, in light of my earlier findings in *Whiting*, plaintiffs' reasoning is – at best – indecipherable. Indeed, the Court agrees with AARP defendants' contention that by sending two separate mailings relating to two separate plans, a reasonable consumer would not assume that the plans were necessarily the same at all. *See* AARP Reply at 6. If anything, having information readily available to compare the policies, a consumer could easily determine the limited benefits available through the MAP Policy as compared to the comprehensive PHIP Policy. *Id.* For the reasons stated in *Whiting*, therefore, this Court finds that there is no issue of material fact to warrant sustaining plaintiffs' claims.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS the defendant's Motion To Dismiss and DISMISSES the action in its entirety. An order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge